UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. ABDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>Defendants. | Case No. 17-cv-00851-TSH<br><br>**AMENDED ORDER RE: MOTION TO COMPEL AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 117, 119 |
| RISING TIDE I, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>Defendants. | Case No. 17-cv-01232-TSH<br><br>Re: Dkt. No. 102, 111 |

In these two related cases, investors allege they purchased millions of dollars in securities in reliance on fraudulent misrepresentations by Defendants,[1] former directors and officers of a now-bankrupt corporation named Delivery Agent, Inc. In both cases, Defendants move to compel the production of documents responsive to subpoenas served on non-party Latham & Watkins, LLP, Delivery Agent's former counsel. 17-851, ECF No. 117; 17-1232 ECF No. 111. As the recipient of the subpoenas, Latham maintains it must "take steps to maintain the privilege of its former client." Opp'n at 2, ECF No. 120.[2]

In case 17-1232, Plaintiffs Rising Tide I, LLC and Rising Tide II, LLC move to strike the

---

[1] Defendants are Michael Fitzsimmons, Peter Lai, Chris G. Power, Peter J. Goettner, Christian Borcher, Ernest D. Del, Marc S. Yi, James C. Peters, and Souheil Badran

[2] Because the motion to compel was filed in both cases, the Court's citations herein refer to the 17-1232 docket numbers, unless otherwise noted.

advice-of-counsel defenses asserted by Defendants,[3] pursuant to Federal Rule of Civil Procedure 12(f), or, in the alternative, move to preclude Defendants from offering advice-of-counsel evidence at trial. ECF No. 102. In case 17-851, Plaintiffs John E. Abdo, as Trustee of the John E. Abdo Trust Dated June 11, 2014, and John E. Abdo, as Trustee of the John E. Abdo Trust Dated March 15, 1976 filed a notice of joinder. ECF No. 119. Because the issues in both motions are linked, the Court considers them together. The Court finds these matters suitable for disposition without oral argument and **VACATES** the October 10, 2019 hearing. *See* Civ. L.R. 7-1(b).

As to the motion to compel, Rule 45 governs discovery of non-parties by subpoena, but the scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Here, Delivery Agent filed for Chapter 11 bankruptcy in September 2016 and ceased to function. In such cases, there is a presumption that evidentiary privileges such as attorney-client privilege or the work-product doctrine are no longer viable. *See Gilliland v. Geramita*, 2006 WL 2642525, at *4 (W.D. Pa. Sept. 14, 2006) ("[T]here should be a presumption that the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless a party seeking to establish the privilege demonstrates authority and good cause."); *TAS Distrib. Co. v. Cummins Inc.*, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009) ("Absent some compelling reason to the contrary, the attorney client privilege does not survive the death of the corporation."); *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, 2012 WL 874322, at *4 (N.D. Ill. Mar. 14, 2012) ("When the corporation is gone, so too is its interest in protecting its communications; the need to promote full and frank exchanges between an attorney and agents of his corporate clients

---

[3] In their Answers, Defendants asserted an advice-of-counsel defense to Plaintiffs' claims, alleging that, to the extent the actions alleged in the FAC occurred, they were acting upon advice of counsel, including Latham. 17-851, ECF Nos. 85-86; 17-1232, ECF Nos. 79-80.

disappears when the corporation employing those clients has departed."); *City of Rialto v. Dep't of Def.*, 492 F. Supp. 2d 1193, 1200-01 (C.D. Cal. 2007) (finding the need for full disclosure outweighs the dissolved corporation's need to protect pre-dissolution communications); *Lewis v. United States*, 2004 WL 3203121, at *4 (W.D. Tenn. Dec.7, 2004) (allowing no privilege when a "company is bankrupt and has no assets, liabilities, directors, shareholders, or employees.").

Further, the burden of proving an evidentiary privilege applies rests not with the parting contesting the privilege, but with the party asserting it. *Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (attorney-client privilege); *Sidibe v. Sutter Health*, 2018 WL 783808, at *2 (N.D. Cal. 2018) (work-product). Although Delivery Agent's Trustee indicated he does not intend to waive any applicable privilege held by the company, Quartaraolo Decl. ¶ 6, ECF No. 120-1, he has failed to provide any basis for why such a privilege exists. Thus, even if Delivery Agent had a viable evidentiary privilege, its burden of proof has not been met.

Accordingly, the Court **GRANTS** Defendants' motion to compel Latham to produce documents responsive to their subpoenas. As for Plaintiffs' motion to strike, it is based on their purported inability to conduct discovery into Defendants' advice-of-counsel defense. As this order likely resolves that issue, the Court **DENIES** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: October 2, 2019

THOMAS S. HIXSON
United States Magistrate Judge