UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E ABDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-00851-TSH<br><br>**ORDER RE MOTION TO STRIKE EXPERT REBUTTAL REPORT** |
| RISING TIDE I, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-01232-TSH |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Strike Expert Rebuttal Report of Dennis Chookaszian. ECF Nos. 164(Abdo)/161(Rising Tide).[1] Plaintiffs move to strike the report on the ground that it is not an actual rebuttal report and thus was not disclosed in compliance with Federal Rule of Procedure 26. Defendants have filed a Response, ECF Nos. 174/170, and Plaintiffs a Reply, ECF Nos. 177/173. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 30, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion.

---

[1] For simplicity, references to "ECF Nos. #/#" throughout are to the Abdo/Rising Tide dockets.

## II. BACKGROUND

Delivery Agent, Inc. was a company involved in the television-commerce, or "t-commerce," space. Abdo First Amended Complaint ("FAC")/Rising Tide FAC (jointly, "FACs") ¶ 2, ECF Nos. 63/53. Delivery Agent claimed that it had developed proprietary technology to connect viewers through smart TVs to products and companies advertised on air. *See id.* In these related actions, investor-Plaintiffs allege that Defendants, all former directors and/or officers of Delivery Agent, Inc., violated various federal and state securities fraud laws through material misrepresentations and omissions they made in attempting to sell Delivery Agent securities to Plaintiffs. FACs ¶¶ 1, 3-5. In particular, they allege that Defendants misrepresented or concealed highly damaging information about the proprietary nature of Delivery Agent's core technology, the functionality of its products including the smart TV feature, the success of important market tests, the trustworthiness of Delivery Agent's most senior executives, and events that made a successful Initial Public Offering ("IPO") impossible. FACs ¶ 5. Delivery Agent eventually had to file for Chapter 11 bankruptcy in September 2016, and Plaintiffs' securities are now worthless. FACs ¶ 6.

Defendants have asserted forty-some affirmative defenses. *See* Answers, ECF Nos. 85; 86/79; 80. Some of the defenses relevant for purposes of this Motion are those asserting, in essence, that Plaintiffs are sophisticated investors who either knew that the securities deals offered by Delivery Agent were too good to be true or did not do enough diligence to uncover that Delivery Agent was a financially challenged company. More specifically, Defendants argue that the Plaintiffs "knew or should have known the actual facts that they now claim made any alleged statement of material fact untrue or any alleged omission of material fact necessary to make the statements not misleading." ECF Nos. 85 at 93-94; 86 at 69/79 at 79; 80 at 63. Defendants also assert that Plaintiffs' "own negligence, breaches of duties, actions, omissions, or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs, and bars any recovery to the extent thereof." ECF Nos. 85 at 94; 86 at 69/79 at 79; 80 at 64.

This motion relates to a purported expert rebuttal report. The parties were required to disclose their affirmative expert witnesses and exchange initial expert reports by no later than May

1   5, 2020.  *See* ECF Nos. 150/150.  Rebuttal experts and reports were due by May 28, 2020.  *Id.*
2   Expert discovery, scheduled to close on June 23, has been extended and is scheduled to close on
3   September 30, 2020.  ECF Nos. 169/165.  Briefing on dispositive motions is to be completed by
4   December 3, 2020, with a hearing on those motions to be held on January 28, 2021.  ECF Nos.
5   173/169.

6          On May 5, 2020, Plaintiffs disclosed to Defendants the report of Steven M. Berwick, one
7   of their affirmative experts.  *See* Decl. of Matthew Graham in Supp. of Pls.' Mot. to Strike
8   ("Graham Decl.") ¶ 2, Ex. A (the "Berwick Report"), ECF Nos. 165-1/161-2.  Plaintiffs engaged
9   Berwick, a Certified Public Accountant, to provide an opinion on the fair market value ("FMV")
10  of Delivery Agent and the subject securities at the various times of investment by Plaintiffs.  *Id.* ¶
11  13.  Plaintiffs explain that they will offer Berwick's testimony to establish their out-of-pocket
12  damages, or the difference between what they paid and what they received.  Mot. to Strike at 6.
13  To perform his valuation, Berwick considered the three most common valuation approaches—
14  income-based, asset/cost-based, and market-based—and concluded that the asset/cost-based
15  approach was most appropriate for valuing the subject securities.  Berwick Report at ¶¶ 22-46.
16  Applying that approach, Berwick concluded that Delivery Agent's equity value was at all times
17  less than zero, and accordingly the securities purchased by Plaintiffs between June 18, 2014 and
18  April 20, 2016 were valueless on the dates they were bought.  *Id.* ¶ 16.

19         On May 5, 2020, Defendants disclosed the report of Dennis Chookaszian, one of their
20  affirmative experts, who opined that Defendants had "acted in accordance with principles of good
21  corporate governance following certain events in 2014".  Mot. at 6-7.  On May 28, Defendants
22  disclosed another Chookaszian report, as self-styled "rebuttal report" (the "Rebuttal Report").
23  Graham Decl. ¶ 3, Ex. B, ECF No. 161-3.  The Rebuttal Report purports "to review and respond to
24  certain conclusions made in the Berwick Report."  *Id.* ¶ 2.  Chookaszian summarized his opinion
25  as follows:

26  > Based upon my review of the relevant documents, my experience as an investor in numerous non-public companies, and a finance academic, as well as my experience on the boards of various private companies, I have concluded that Plaintiffs, as sophisticated investors, knew or reasonably should have known of the serious risks

3

> in investing in Delivery Agent, especially in light of the Going Concern Opinions, Delivery Agent's lack of profitability, and numerous rounds of financing. Appropriate due diligence would have revealed the purported valuation of Delivery Agent and Plaintiffs' securities as of the investment dates. Therefore, any loss suffered by Plaintiffs was reasonably foreseeable at the time of their investments given the numerous known risks associated with their investments.

*Id.* ¶ 3.

Plaintiffs move to strike the Rebuttal Report, arguing that it is a disguised affirmative expert report that is untimely; there is no substantial justification for its untimeliness; and the admission of the report would be unfair and prejudicial to Plaintiffs.

## III.   LEGAL STANDARDS

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness they may use at trial to present opinion testimony. Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). A party also must disclose as rebuttal experts those experts whose testimony will be "intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness." Fed. R. Civ. P. 26(a)(2)(D)(ii). Because rebuttal experts and reports are designated as such, their testimony must contradict or rebut evidence or theories of the opposing expert witness. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2019 WL 4780183, at *6 (N.D. Cal. Sept. 30, 2019) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)); *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *34 (C.D. Cal. Mar. 7, 2011) ("[S]upplemental or 'rebuttal' experts, therefore, 'cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.'") (quoting *Int'l Business Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, *3 (N.D. Cal. Mar. 15, 1995)); *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015) ("Permitting [parties] to backdoor [affirmative] expert testimony under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless . . . .").

## IV.   DISCUSSION

The Court agrees with Plaintiffs that Chookaszian's Rebuttal Report does not rebut or

respond to Berwick's affirmative report. Berwick's report offered an opinion on the FMV of Delivery Agent and the securities Plaintiffs were sold. The FMV, as Berwick explained it, is "the price, expressed in terms of cash equivalents, at which property would change hands between a hypothetical willing and able buyer and a hypothetical willing and able seller, acting at arm's length . . . when both have reasonable knowledge of the relevant facts." Berwick Report ¶ 21, n.5. Reaching the FMV required no determination of whether or not Plaintiffs had reasonable knowledge of the relevant facts, nor whether Plaintiffs had done their due diligence before investing. It is true, as Defendants point out, that Berwick was asked to assume that Plaintiffs "invested without knowing material facts about Delivery Agent and its prospects." *Id.* ¶ 13. Berwick explained:

> It is my understanding that the purpose of making these assumptions is to allow a determination of what the [FMV] . . . would have been . . . taking into account what Plaintiffs assert were the true facts . . . that investors unafilliated with Defendants (such as Plaintiffs) invested without knowing material facts about Delivery Agent and its prospects . . . .

However, Berwick did not opine as to whether that assumption was true or false or likely or unlikely; he was told simply to assume that Defendants omitted material facts about Delivery Agent and its prospects. The question of whether they actually did, or whether any investors were unaware of material facts, was an issue entirely beyond the scope of Berwick's report.

Chookaszian's report, on the other hand, concludes that Plaintiffs "knew or reasonably should have known of the serious risks in investing in Delivery Agent." Rebuttal Report ¶ 3. It does not dispute the method of valuation used by Berwick or rebut Berwick's application of that method to determine FMV, and it does not offer a conclusion contrary to Berwick's on the FMV of Delivery Agent or the securities when they were sold. Chookaszian even acknowledges that he was "not [] asked to opine upon the accuracy of the valuation in the Berwick Report." *Id.* ¶ 2, n.4. Also, Chookaszian implicitly accepts Berwick's FMV conclusions when he opines that, "due diligence would have revealed the *purported valuation* of Delivery Agent and Plaintiffs' securities on the investment dates." *Id.* ¶ 3. And he expressly agrees with Berwick's bottom line FMV opinion. *See, e.g., id.* ¶ 10 ("The repeated Going Concern Opinions should have put Plaintiffs on

5

notice of . . . the Company's inability to fulfill its financial obligations over the corresponding years, its valuation and, therefore, the difficulty of obtaining additional financing including and particularly through an IPO."); ¶ 11 ("Delivery Agent was never profitable and was not predicted to be profitable in the year that Plaintiffs first invested (2014). Plaintiffs were either grossly negligent in their evaluation of the situation, or were well-aware of the fact that Delivery Agent was repeatedly unprofitable.").

Instead of introducing Chookaszian's Rebuttal Report to actually rebut Berwick's report, Defendants quite clearly use it to advance their defense that Plaintiffs "knew or should have known the actual facts that they now claim made any alleged statement of material fact untrue or any alleged omission of material fact necessary to make the statements not misleading." But that defense goes to a core allegation of Plaintiffs' case-in-chief, to wit, that they "reasonably relied on [Defendants'] statements in purchasing securities in Delivery Agent." Rising Tide FAC ¶ 74; *see also, e.g.*, *id.* ¶¶ 75, 79, 87, 90; Abdo FAC ¶¶ 75, 86. "If [a] rebuttal expert's testimony is offered, however, to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one.'" *Clear-View Techs.,* 2015 WL 3509384, at *2 (quoting *Amos v. Makita U.S.A.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (citing *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir.1992)).

Defendants counter that the Rebuttal Report "directly rebut[s] Berwick's opinion that Plaintiffs suffered damages" and a cornerstone basis for his opinion because it "explains that Plaintiffs suffered no cognizable damage because, as sophisticated investors, they understood the potential risks and benefits of a bargain they knowingly struck." Opp'n at 1-2; *id.* at 8 (". . . the testimony further serves to undermine Berwick's conclusions that Plaintiffs suffered damages . . ."). However, those are liability arguments. As a damages expert, Berwick simply assumed liability. The crux of his opinion was that the securities Plaintiffs bought were objectively valueless at the time Plaintiffs bought them. *See* Berwick's Report ¶ 16. The Rebuttal Report does nothing to rebut or contract that opinion, and indeed agrees with it.

Lastly, Defendants argue that the Rebuttal Report "focuses on the same documents and facts considered by Berwick and lays out the precise portions of Berwick's report to which

6

1  Chookaszian responds." Opp'n at 3-4. The first part of that assertion is inaccurate, and the second
2  part is inconsequential. To the first point, Berwick's report was based on a review of evidence
3  like Delivery Agent's historical balance sheets and facts such as Delivery Agent's equity state, its
4  assets (tangible and intangible) and liabilities (accounts payable, accrued expenses, long-term
5  debt, etc.) for relevant time periods, its history of profits (none) and hope for future profits (also
6  none), its cash flow, and the fact that it was "presumed to be insolvent" and filed for Chapter 11
7  bankruptcy in 2016. Berwick's Report ¶¶ 37-44. The core of the Rebuttal Report was
8  Chookaszian's assessment that Plaintiffs are "sophisticated venture-stage investors," Rebuttal
9  Report ¶¶ 3, 7, who should have been aware of the risks of investing in Delivery Agent and the
10 purported value of the securities. These facts, even if true, have nothing to do with Berwick's
11 determination of the FMV of either the company or the securities. To the second point,
12 Chookaszian's references to Berwick's report alone do not a rebuttal report make: Chookaszian
13 does repeatedly reference Berwick's report, but it is only to say, more or less: "Even if the
14 securities were worth nothing, as Berwick says, Plaintiffs should have known." *See, e.g.*, *id.* ¶ 6
15 ("Plaintiffs should have learned from the factors [Berwick uses] as part of their due diligence and
16 associated warnings of the investment being high-risk, as well as Plaintiffs' awareness of the
17 assets and liabilities of Delivery Agent used by Mr. Berwick in any purported valuation . . . ."), ¶ 7
18 ("Plaintiffs were aware of the various risks associated with investing, including those associated
19 with a new technology."), ¶ 10 ("It is inconceivable to me that Plaintiffs, as experienced venture-
20 stage investors and experts on due diligence, would have invested . . . without having read these
21 Going Concern Opinions that Mr. Berwick relies so heavily on for his conclusions."). That is
22 simply not a rebuttal.
23        Because Chookaszian is an affirmative expert and his Rebuttal Report is improperly
24 designated as such, the report must be stricken and Defendant "not allowed to use that information
25 [] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
26 justified or is harmless." Fed. R. Civ. P. 37(c)(1)); *see also Clear-View Techs.*, 2015 WL
27 3509384, at *5 (citing Rule 37(c)(1)). Defendants do not attempt to make such a showing. They
28 offer no justification for the failure to timely disclose the Rebuttal Report, and the Court is unable

7

1   to think of one.  Because Chookaszian did submit a separate affirmative expert report by the May
2   5 deadline, he was clearly available to Defendants.  Further, the late disclosure is not harmless
3   because it deprived Plaintiffs of the opportunity to submit an expert report to rebut the Rebuttal
4   Report.  Therefore, Rule 37(c)(1) demands that the Court strike the report.

5         The Court is unpersuaded that the time is not ripe to rule on this motion.  Defendants argue
6   that "[a] motion aimed at excluding an expert report from consideration by the fact finder[] is of a
7   type better suited for determination at trial . . . .'"  Opp'n at 5 (quoting *N. County Communs. Corp.*
8   *v. Verizon Global Networks, Inc.*, 2010 WL 11453258, at *1 (S.D. Cal. Nov. 10, 2010)).  But as
9   Plaintiffs point out, none of the three cases cited by Defendants arose in the context of a motion to
10  strike an expert report as improper rebuttal.  Instead, in all three the moving party sought to
11  exclude an expert's opinion on the grounds that it was an impermissible legal opinion or that it
12  was irrelevant.  *Id.* at *1 (moving to strike expert "on the grounds that his opinion constitutes
13  impermissible legal opinions and otherwise lacks relevance"); *Best Buy Stores, L.P. v. Manteca*
14  *Lifestyle Ctr., LLC*, 859 F. Supp. 2d 1138, 1146 (E.D. Cal. 2012) (moving to exclude expert
15  testimony that was an "impermissible expert opinion and lack[ed] relevance"); *DeFazio v.*
16  *Hollister, Inc.*, 2009 WL 276758, at *1 (E.D. Cal. Feb. 5, 2009) (moving to strike "impermissible
17  legal opinions" that "otherwise lack[ed] relevance").  In other words, those cases involved the
18  question of whether an expert's opinion was permissible under the Federal Rules of Evidence, an
19  issue "of a type better suited for determination at trial or even during the summary judgment stage
20  of the case, when it is clearer if and how the parties intend to rely on the opinion."  *N. County*
21  *Communs. Corp.*, 2010 WL 11453258, at *1 (citations omitted).  The issue before the Court—
22  whether a party properly disclosed an expert report pursuant to discovery rules—is suitable for
23  determination now, where the disclosure chapter of discovery has already closed.  Also,
24  Defendants have long known they will be challenging Plaintiffs' due diligence efforts and the
25  reasonableness of Plaintiffs' reliance, and the Court can think of no good reason for why
26  Chookaszian's report was not properly and timely disclosed.  The report will be stricken.

27                                      **V.   CONCLUSION**
28        Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion and **STRIKES** the May

United States District Court
Northern District of California

28, 2020 Expert Report of Dennis Chookaszian.  Defendants are precluded from using any opinion offered in that report during motion practice or at any hearing, and Chookaszian is precluded from offering trial testimony about any opinion in that report.

**IT IS SO ORDERED.**

Dated: July 20, 2020

THOMAS S. HIXSON
United States Magistrate Judge