UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. ABDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-00851-TSH<br><br>**ORDER RE: MOTION TO WITHDRAW AS COUNSEL AND ADMINISTRATIVE MOTION TO SEAL** |
| RISING TIDE I, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-01232-TSH |

## I. INTRODUCTION

On June 26, 2020, Seyfarth Shaw LLP ("Counsel") filed a Motion to Withdraw, based on a conflict of interest, as Counsel for Defendant Ernest D. Del. ECF No. 170.[1] Del filed a Declaration in opposition to the Motion to Withdraw, ECF No. 176[2], and Counsel filed a Reply, ECF No. 180. Also before the Court is Counsel's Administrative Motion to File Under Seal exhibits to the Reply. ECF No. 179. The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 6, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** both motions

---

[1] All citations to the docket are to docket in *Abdo v. Fitzsimmons*. The motion and moving papers are identical in *Rising Tide v. Fitzsimmons*, and the Court will omit reference to docket numbers in that case, though this Order will resolve the motion in that case as well, ECF No. 166.
[2] Del filed only a declaration in opposition to the motion. He filed no briefing papers.

for the following reasons.

## II. BACKGROUND

Gregory A. Markel, Giovanna A. Ferrari, Aaron Belzer, Christopher F. Robertson, and Steven R. Paradise of Seyfarth Shaw LLP currently represent Ernest D. Del, Michael Fitzsimmons, and Peter Lai in these related actions.[3] They were initially retained to represent all the Defendants. Defendants are all former officers or directors of Delivery Agent, Inc., a t-commerce company in which Plaintiffs invested. Del is himself an attorney. He is a founding partner of the Los Angeles-based law firm Del Shaw Moonves Tanaka Finkelstein & Lezcano. Counsel were retained by Del pursuant to a retention agreement, dated March 9, 2017 and signed by Del on March 21, 2017 (the "2017 Representation Agreement"), which acknowledged that Counsel would be representing the other Defendants as well. Decl. of Giovanna A. Ferrari ISO Mot. to Withdraw ("Ferrari Decl.") ¶ 5, ECF No. 170-1. Because of the nature of the joint representation with the other Defendants, Counsel alerted Defendants that a conflict could arise during the litigation:

> It is possible that facts will occur or come to light hereafter which give rise to, or cause you or Seyfarth to conclude that there is[,] such a conflict. You acknowledge and agree that, in the event that a conflict of interest arises regarding Seyfarth Shaw's multiple representation of you and the other defendants, then we may withdraw from representing you. . . . You further acknowledge and agree that, if Seyfarth Shaw withdraws as your attorneys, we may and will continue to represent the other defendants, whether or not such representation is in a matter unrelated to the Action and is or may be contrary to your interests.

*Id.* ¶ 6.

On January 17, 2020, Counsel sent Defendants a letter along with a revised retainer (together, the "Revised Retainer") informing them conflicts of interest had in fact arisen. *Id.* ¶ 9; Reply Decl. of Ferrari ISO Mot. to Withdraw ("Ferrari Reply Decl.") ¶ 3, Ex. A, ECF No. 179-3. Counsel informed Defendants that in continuing with a joint representation, Defendants would need to waive the conflicts with the understanding that Counsel might be unable to, among other

---

[3] Defendant Marc Yi has retained separate counsel, and Movants expect his new counsel to file a substitution of counsel in the near future. Mot. at 1.

things, assert certain positions or raise certain defenses for some Defendants that it could for others. Ferrari Decl. ¶ 9. Specifically, Counsel advised Defendants that, considering the actual conflicts that had arisen, "[i]n continuing with a joint representation, we could not take certain positions or assert defenses that might otherwise be available to you." *Id.* According to Counsel, on a number of subsequent joint defense calls to which Del was invited but which he did not attend, they reminded Defendants that actual conflicts[4] existed and would need to be resolved, and thus encouraged Defendants to consider getting the advice of separate counsel. *Id.* ¶ 10.

Several Defendants chose to retain separate counsel, *id.* ¶ 11, and there are currently five other law firms representing Defendants, with the Court having approved substitution of counsel for several of the Defendants. Del did not find new counsel and did not sign on to the new terms in the Revised Retainer. In an email on June 12, Counsel informed Del of their intent to move to withdraw. *Id.* ¶ 13; Ferrari Reply Decl. ¶ 12, Ex. C, ECF No. 179-5. Del responded on June 16 and told Counsel that he would not waive the assertion of defenses adverse to other Defendants, would not sign the Revised Retainer, and expected Counsel to continue representing him at their own expense. Ferrari Reply Decl. ¶ 12. Del never signed the Revised Retainer. Decl. of Ernest Del in Opp'n to Mot. to Withdraw ("Del Decl.") ¶ 13, ECF No. 176. On June 25, Counsel reiterated their intent to file a motion to withdraw. Ferrari Decl. ¶ 15.

Counsel filed their Motion to Withdraw on June 26. In addition to the conflict issue, Counsel contend that Del has "for the most part failed to meaningfully participate in the defense of these Actions, or to engage in most substantive communications with [them], since his deposition on September 6, 2019." *Id.* ¶ 16. More specifically, Del did not participate in most joint defense calls, and refused to participate substantively in expert discovery and in mediation and other settlement efforts in 2020. Ferrari Reply Decl. ¶¶ 7, 11.

Del for his part strongly opposes the motion to withdraw. He asserts that before December 2019 Counsel never represented to him that an actual conflict of interest had arisen between Defendants. Del Decl. ¶ 9. He disputes that he has failed to meaningfully participate in the

---

[4] Paragraphs 3 and 4 of the Revised Retainer, filed under seal, identify the actual conflict of interest among the Defendants.

1  defense in these actions. *Id.* ¶ 16. He does not however dispute that he did not participate in joint
2  defense calls since the beginning of the year. *Id.* ¶ 18. Del proffers that the true basis for
3  Counsel's attempted withdrawal is that monetary coverage provided to Defendants pursuant to
4  Delivery Agent insurance policies is or soon will be fully depleted. *Id.* ¶¶ 6-7. In other words, he
5  suggests Counsel's motion is really about money.

### III. MOTION TO SEAL

Pursuant to the Court's Civil Local Rules, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civil L.R. 79-5(b). The request must be narrowly tailored. *Id.* Counsel's request seeks to seal three documents which are privileged and involve attorney-client communications. The request is narrowly tailored and is unopposed. The Court finds the documents are sealable and **GRANTS** the motion to seal.

### IV. MOTION TO WITHDRAW

#### A. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. N.D. Cal. Civil L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. N.D. Cal. Civil L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). The California Rules of Professional Conduct ("CRPC") provide that "a lawyer *shall* not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyers knows or reasonably should know that the representation will result in violation of these rules . . . ." CRPC 1.16(a)(2) (emphasis added). Under CRPC 1.7(a), "[a] lawyer *shall* not, without informed written consent from each client . . . represent a client if the representation is directly adverse to another client in the same or a separate matter." (emphasis added). CRPC 1.7(b) provides that "[a] lawyer *shall* not, without informed written consent from each affected client . . . represent a client if there

4

is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client . . . ." (emphasis added). And CRPC 1.16(b) provides that a lawyer *may* withdraw for several reasons, including that "the client by [] conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CRPC 1.16(b)(4) (emphasis added). Under these rules, "[t]he existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel." *Page v. Stanley*, 2014 U.S. Dist. LEXIS 76363, at *4 (C.D. Cal. June 2, 2014) (citing *Moore v. United States*, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996); Cal. Rules of Prof. Conduct 3-700(C)(2) (1992)). Withdrawal is frequently permitted in this District where a conflict arises that would, among other things, require counsel to "decline to pursue [a certain] theory" on behalf of a client. *Rearden LLC v. Crystal Dynamics, Inc.*, 2020 WL 954846, at *2 (N.D. Cal. Feb. 27, 2020).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

**B.      DISCUSSION**

The Court will grant the motion to withdraw. As previously discussed, the California Rules of Professional Conduct prohibit attorneys from representing a client if there is a significant risk their representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client. Counsel assert that with continued representation of Del, they will be unable to assert certain positions or raise certain defenses on his behalf because of potential

5

1  conflicts with other Defendants, which amounts to a substantial risk that Counsel's representation
2  of Del will be materially limited. Ferrari Decl. ¶ 9; Mot. at 3, 4, 6. Del for his part doesn't dispute
3  that there is a conflict. His primary complaint is instead with the timing of Counsel's attempted
4  withdrawal, specifically that it is occurring this late in the game. Naturally, the further into
5  litigation an attorney moves to withdraw, the greater the inconvenience, burden, and potential for
6  prejudice for the party represented. But the apparent issue here is not that Counsel neglected to
7  inform Del earlier of a conflict, but that, according to Counsel, the conflict didn't become apparent
8  until early 2020. It is therefore not relevant that, as Del contends, Counsel represented to Del in
9  March 2017 that "we are not presently aware of any facts or circumstances that would suggest
10 there is a conflict between your interests and those of the other defendants," Del Decl. ¶ 9 (quoting
11 a March 9, 2017 letter from Counsel), because according to Counsel, they weren't aware of the
12 potential conflict until much later, Ferrari Reply Dec. ¶ 3. And the 2017 Representation
13 Agreement, which Del signed, provides that "in the event that a conflict of interest arises
14 regarding [Counsel's] multiple representation of you and the other defendants, then we may
15 withdraw from representing you." Del is an attorney with years of experience. He no doubt
16 understood the terms of that Agreement, and as an attorney he no doubt is aware that a conflict of
17 interest between clients in the same lawsuit generally precludes joint representation.

18  Also relevant is the fact that Del still refuses to sign the Revised Waiver. Two other
19 Defendants have, and Counsel have professional responsibilities to those Defendants also and has
20 indicated that they will continue to represent them. Ferrari Reply Decl. ¶ 9. Counsel cannot
21 ethically represent Del along with the other jointly represented Defendants absent Del's agreement
22 to waive the existing conflicts and agree that Counsel will not make certain arguments or assert
23 certain defenses. By demanding that Counsel continue to represent him while refusing to sign the
24 waiver as the other Defendants have, Del is insisting that Counsel continue to represent him and
25 assert defenses that might be detrimental to Counsel's other clients. This puts Counsel in an
26 untenable situation.

27  Del argues that Counsel's withdrawal will result in significant immediate and long-term
28 prejudice to him. Del Decl. ¶ 19. More specifically, he argues it will be a substantial financial

6

burden and potentially impossible to bring a new lawyer up to speed in order to participate in upcoming deadlines. *Id.* "A lawyer violates his or her ethical mandate . . . by withdrawing at a critical point and thereby prejudicing the client's case." *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994) (citation omitted). Before withdrawal is permitted, counsel must comply with CRPC 1.16(d), which provides that an attorney shall not withdraw from employment until she has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." N.D. Cal. Civil L.R. 11-5(b).

    The Court finds that Counsel gave sufficient written notice of their intent to withdraw and that sufficient time has passed during which Del has been on notice and had opportunity to find other counsel. Also, there is sufficient time remaining for Del to obtain separate counsel and for that counsel to participate meaningfully in this litigation. As of now, dispositive motions are not due until approximately 80 days out, and there is no trial date currently set and there will be no trial before the end of the year. Courts in California have allowed attorneys to withdraw for similar reasons at later days than this. *Edge Sys. LLC v. Image Microderm Inc.*, 2019 U.S. Dist. LEXIS 143253, *5 (C.D. Cal. Apr. 4, 2019) ("Although the parties are now in the midst of discovery, trial is not scheduled until September 2019 and withdrawal at this point allows Defendant adequate time to retain new counsel and get new counsel up to speed before the trial date.") (citing *Saemie Corp. v. Coddington*, 2011 WL 4964834, at *2 (C.D. Cal. Oct. 19, 2011) (granting withdrawal where trial was "almost six months from the date [] Motion was filed"); *Vahora*, 2018 U.S. Dist. LEXIS 153211 (granting withdrawal after pre-trial conference and motions in limine where plaintiff was unwilling to pay counsel their fees and counsel was unable

to effectively communicate or collaborate with Plaintiff); *Anhing Corp. v. Thuan Phong Co.*, 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014) (granting withdrawal two weeks before trial); *Pension Plan v. Yubacon Inc*, 2014 WL 1101659, at *2 (N.D. Cal. Mar. 18, 2014) (granting withdrawal to defendants' counsel two days before defendants' deadline to file opposition to motion for summary judgment but granting a 30-day continuance for defendants to obtain new counsel).

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Counsel's Motion to Withdraw. However, because Del has not consented to the withdrawal and no substitution of counsel has been filed on his behalf, the motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on Counsel for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b). For all such documents, Counsel shall e-file proof of service upon Del. Del shall file a substitution of counsel by no later than August 21, 2020. No chambers copy is required.

**IT IS SO ORDERED.**

Dated: July 22, 2020

THOMAS S. HIXSON
United States Magistrate Judge

8