UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. ABDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants.<br><br>RISING TIDE I, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-00851-TSH<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Abdo Dkt. No. 178,<br><br>Rising Tide Dkt No. 179<br><br>Case No. 17-cv-01232-TSH |

On July 6, 2020, having reviewed the Parties' competing proposals regarding the timing and scope of summary judgment briefing, the Court entered an Order Setting Summary Judgment Briefing Schedule and Referring Parties for a Settlement Conference (the "Briefing Order"). ECF No. 173 (Abdo)/169 (Rising Tide). The Court limited memoranda of law in support of motions for summary judgment to 50 pages per side, with all moving Defendants filing one combined brief and all moving Plaintiffs filing one combined brief. The Court limited memoranda of law in opposition to motions for summary judgment to 50 pages per side and replies in support of motions to 30 pages per side. The Court additionally ordered that, if Plaintiffs and Defendants are unable to agree on a joint statement of facts, all moving Defendants collectively and all moving Plaintiffs collectively should file a single statement of facts, controverting statement facts, and reply statement of facts.

Defendant James C. Peters moves for leave to file a motion for reconsideration (the "Motion") of the Court's Briefing Order. ECF No. 178-1. Peters asserts as grounds for his Motion that he is uniquely situated among the Defendants because he was "not around when the vast majority of alleged violations and underlying events occurred." Mot. at 2. He argues that therefore his set of facts are so different from the other Defendants that he "should be allowed to present his own case for summary judgment via his own motion focused on his unique set of facts, making the legal and factual arguments that are in his best interest." Mot. at 2. He argues that he will be prejudiced if forced to file a pleading along with the other Defendants. He also points out that actual conflicts of interest exist between the Defendants, and that the firm originally representing all Defendants has advised them to retain separate counsel and that most Defendants have done so. He asks that he be allowed to file a separate brief consistent with the Local Rules' page limitations.

The Court will deny Peters' motion. As Peters points out, the sole remaining claim against him is an alleged violation of the third clause of California Corporate Code § 25504. That clause imposes liability on every director or officer of a corporation who aids in fraudulently selling securities within California unless the director lacks "knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist." Cal. Corp. Code § 25504. Peters intends to assert an affirmative defense and "show[] that *he* lacked 'knowledge of or reasonable grounds to believe' during his 11th hour tenure at Delivery Agent." Mot. at 3-4. Whether Peters can successfully raise that defense and show that he lacked the requisite knowledge essentially comes down to a question of fact and presumably requires no extensive legal argument—Peters was either there and knew or wasn't and didn't. Peters himself agrees that it "takes little space to state" the conclusion that he "had no reason to know of the facts giving rise to the alleged liability." Reaching that conclusion will come down to facts, and Defendants are not limited in the number of material facts that they can assert in their statement of facts, controverting statement, or reply statement. Nor did the Court impose a limit on the amount of evidence the parties may submit and cite to in their statements of facts. Lastly, even though Peters may be in a unique position vis-à-vis the other Defendants, Defendants are obligated by the

2

Court's orders to prepare their memoranda cooperatively.  Accordingly, Peters' Motion is **DENIED**.

      **IT IS SO ORDERED.**

Dated: August 3, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge