UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. ABDO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | **PRETRIAL ORDER**<br><br>Case No. 17-cv-00851-TSH<br><br>Re: Dkt. Nos. 310, 311, 315, 331 |
| RISING TIDE I, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL FITZSIMMONS, et al.,<br><br>    Defendants. | Case No. 17-cv-01232-TSH<br><br>Re: Dkt. Nos. 303, 306, 309, 328 |

**A.   Plaintiffs' Motions in Limine**

    **1.   Opinion Testimony Concerning the Adequacy of Plaintiffs' Diligence Prior to Investing**

This motion in limine is moot because Defendants do not plan to offer opinion testimony (lay or expert) concerning the sufficiency of Plaintiffs' diligence efforts.

    **2.   Evidence and Argument Concerning Plaintiffs' Investment Losses Other than in Connection with Delivery Agent**

This motion in limine is granted because the minimal probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and wasting time. Fed. R. Evid. 403.

### 3. Evidence and Argument Concerning the Personal Wealth of the Investors in Plaintiffs

This motion is denied as to the investors' financial status at the time of the subject investments. Financial status can be a proxy for an investor's level of sophistication, which is relevant to whether reliance on statements or omissions was justifiable and whether the statements or omissions were material. This probative value is not substantially outweighed by the danger of unfair prejudice.

### 4. Evidence and Argument Concerning Defendants' Ability or Inability to Pay a Judgment

This motion is moot, as Defendants state they will not offer such evidence or argument.

### 5. Evidence and Argument Characterizing Rising Tide's Investors as "Russian Oligarchs" or the Like

This motion is granted in part as follows. Defendants may not disparage RT's investors by calling them oligarchs, friends of Putin, Russians, or other such terms. This does not prevent Defendants from introducing evidence concerning the individuals actually responsible for RT's decision to invest in Delivery Agent, what they were told, and so on.

### 6. Evidence and Argument Concerning Prior Securities Lawsuits Involving Mr. Abdo, Mr. Levan, or Any of Their Companies

This motion is granted. Any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. Fed. R. Evid. 403.

### 7. Evidence and Argument Concerning Miller's Communications with Delivery Agent or Any Consultation with Stearns Weaver

This motion is granted. Any probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

### 8. To Admit the Internal Investigation Report and the Bergeson Report

This motion is granted in part. The Court admits the reports for non-hearsay purposes, such as notice and knowledge.

**B.      Defendants' Motion in Limine to Preclude the Testimony of Experts Dennis Chookaszian, Marc Zenner and Eric Talley**

Plaintiffs may not call as trial witnesses Defendants' withdrawn expert witnesses Dennis Chookaszian or Marc Zenner because of the danger of unfair prejudice to Defendants that would present. *See* Fed. R. Evid. 403; *Peterson v. Willie*, 81 F.3d 1033, 1037-38 (11th Cir. 1996); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999). Notwithstanding that Defendants have withdrawn Chookaszian and Zenner as experts, Plaintiffs may still call Eric Talley as a witness in their rebuttal case. *See Olivero v. Trek Bicycle Corp.*, 2018 WL 3459424, *1-2 (D. Colo. July 18, 2018); *see also Strong v. Valdez Fine Foods*, 2011 WL 455285, *7 (S.D. Cal. Feb. 4, 2011) (rebuttal expert cannot testify in support of plaintiff's *prima facie* case), *rev'd on other grounds*, 724 F.3d 1042 (9th Cir. 2013).

**C.      Defendants Other Motions in Limine**

**1.      Testimony, Purported Evidence, Suggestion or Related Argument that any Outside Director or James Peters Made a False or Misleading Statement or Failed to Disclose Material Information**

This motion is denied. First, this motion is broad and vague. Second, statements and omissions by the Outside Directors, Peters and others are broadly relevant to Plaintiffs' scheme claims under Rules 10b-5(a) and (c). *See Lorenzo v. SEC*, 139 S. Ct. 1094, 1102 (2019) ("The premise of this argument is that each of these provisions should be read as governing different, mutually exclusive, spheres of conduct. But this Court and the Commission have long recognized considerable overlap among the subsections of the Rule and related provisions of the securities laws."). Third, statements and omissions by the Outside Directors and Peters are relevant to scienter. Fourth, exclusion is not warranted under Fed. R. Evid. 403.

**2.      Evidence or Argument of Unpled, Withdrawn or Dismissed Claims**

**a.      Additional Dates of Dissemination of the Same Misrepresentation**

Defendants complain that the Abdo Plaintiffs allege in the First Amended Complaint that Fitzsimmons disseminated the No Investigations representation in the Series F Purchase Agreements in May 2014 and September 2014 (Abdo FAC ¶¶ 76, 81) but in the Joint Pretrial Conference Statement ("JPCS"), this has now become "multiple dates throughout 2014 and 2015."

3

1   Plaintiffs acknowledge that they plan to admit evidence that Fitzsimmons also disseminated that
2   same representation in Series F Purchase Agreements in June 2014 and January 2015.

3   Defendants' motion is denied. The Court interprets paragraphs 76-86 in the Abdo FAC to
4   identify by date two specific times the No Investigations representation was made in the Series F
5   Purchase Agreements (to satisfy the particularity pleading requirement), and then to allege in
6   paragraphs 85 and 86 that this was a pattern in the Series F Preferred Stock offering documents.
7   This is a common way to plead fraud. If Plaintiffs' case for trial changed *the representation*, that
8   could pose a Rule 8 notice problem, but here Plaintiffs are just offering more instances of the same
9   representation made in the same place to the same people. Defendants cite no authority showing
10  this is a problem under Rule 8 or Rule 9.

**b.      RT's Statements 1, 2 and 3 by Fitzsimmons in the JPCS**

12  The motion to exclude is denied as to statements 1 and 2. Statement 1 is in paragraph 52
13  of the RT FAC. Statement 2 is mostly in paragraph 75 of the RT FAC, and the portion that is not
14  (internal investigation and Deloitte's suspension of work omitted) would be obvious to anyone
15  reading the FAC. By contrast, Plaintiffs identify no place in which statement 3 was previously
16  disclosed as a basis for liability for any claim. Accordingly, the Court excludes Plaintiffs from
17  arguing that statement 3 is a basis for liability. The Court does not exclude statement 3 itself.

**c.      RT's Statement 4 by Fitzsimmons in the JPCS**

19  This motion to exclude is denied because all portions of statement 4 are fairly implied in
20  paragraphs 93 and 94 of the RT FAC when read in context with the surrounding allegations.

**d.      Consequential Damages**

22  This motion is denied as an improper motion to reconsider the summary judgment order.

**e.      State-Law Claims Against Fitzsimmons**

24  This motion is denied as moot, as the parties agree that Plaintiffs have no state-law claims
25  against Fitzsimmons.

**f.      Abdo Statement 3(a), Unlisted Abdo Statement, portion of RT Statement 3 in JPCS**

28  The motion is granted in part and denied in part. The Court excludes any argument by

4

Plaintiffs that these statements can be a basis for liability. The Court does not exclude the statements themselves from evidence.

### g. Abdo Statements 1 and 4 in JPCS

This motion is denied. Judge Laporte's May 22, 2018 order found that Plaintiffs had failed to allege Delivery Agent's scienter for these statements, a finding the undersigned followed in the summary judgment order. She did not find that Plaintiffs failed to allege Fitzsimmons' scienter as to statements of this type, and her analysis on pages 30 and 31 of her order broadly concludes that Fitzsimmons' scienter was fairly alleged.

### 3. Evidence and Argument Regarding the Proper Interpretation of Cal. Corp. Code § 25504

In granting Defendant Peter Lai's motion for summary judgment, the Court has made clear how it interprets section 25504. The Court orders the parties not to make legal arguments to the jury inconsistent with that interpretation.

### 4. Evidence or Argument Regarding Defendants' Fiduciary Duties or Alleged Breach Thereof

The Court denies the motion without prejudice. Defendants do not ask the Court to exclude any specific piece of evidence, and since extreme departures from normal corporate governance can be evidence of scienter in a securities fraud case, the Court cannot categorically say that no reference may be made to corporate duties at trial.

## D. Length of Trial

The parties' proposed length of trial is excessive. The Court gives each side 40 hours, inclusive of opening and closing arguments.

**IT IS SO ORDERED.**

Dated: January 6, 2022

THOMAS S. HIXSON
United States Magistrate Judge