1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7     JOHN E. ABDO, et al.,                        Case No.  17-cv-00851-TSH
8                    Plaintiffs,
9            v.                                    **ORDER RE MOTION IN LIMINE
                                                   CONCERNING ADVICE OF COUNSEL
10    MICHAEL FITZSIMMONS, et al.,                 EVIDENCE**
11                   Defendants.                   Re: Dkt. No. 331
12
13          In securities fraud cases, the advice of counsel defense can cause confusion.  Everybody

14    calls it a defense, and indeed the Defendants in this case have pleaded it as a defense (ECF No. 85,

15    41st aff. def. (Defendants Power, Goettner, Borcher, Del, Yi, Peters and Badran), ECF No. 86,

16    39th aff. def. (Defendant Fitzsimmons)), but it's not really a defense, or at least it doesn't have to

17    be a formal defense.  It can be a shorthand for saying that if certain things are shown, scienter (an

18    element of the claim) has been negated.  "'[A]dvice of counsel is not regarded as a separate and

19    distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled

20    to consider on the issue of fraudulent intent.'"  *United States v. Bush*, 626 F.3d 527, 540 (9th Cir.

21    2010) (quoting *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961)); *accord Howard v.

22    S.E.C.*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) ("[R]eliance on the advice of counsel need not be a

23    formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a

24    defendant's scienter.").

25          But an advice of counsel showing, even when used merely to negate scienter, still has to

26    show certain things or it fails on the merits.  "Courts consistently have held that defendants who

27    claim good faith based upon reliance on a professional must show they (1) made a complete

28    disclosure to the professional; (2) requested the professional's advice as to the legality of the

United States District Court
Northern District of California

contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice." *S.E.C. v. Yuen*, 2006 WL 1390828, *40 (C.D. Cal. March 16, 2006) (cleaned up).  If this showing is not made, the defendant "cannot rely" on the professional's advice "to negate scienter." *Id*.

A moment of reflection makes clear why, generally speaking, all four elements have to be established to make an advice of counsel showing, whether advice of counsel is being asserted as a formal affirmative defense or whether it is just being used to negate scienter.  Suppose you show that you hired capable attorneys, you requested their advice concerning disclosures you planned to make to investors, the attorneys gave you the thumbs up, and you went ahead – but you never disclosed to the lawyers material facts that made your disclosures to the investors misleading.  In that case, you haven't negated scienter.

In fact, we can push the issue even further.  Generally speaking, each of the four elements of an advice of counsel argument is irrelevant to scienter unless the other three are also present.  Think about it.  We don't care that you made a complete disclosure to the lawyers if you didn't ask them for advice on what you were planning to do, didn't get their advice, or didn't follow that advice.  We don't care that you asked for advice if you gave the lawyers incomplete information, or if their advice was that your plan was illegal, or if you didn't follow their advice.  We don't care that you got advice that your plan was legal if the lawyers didn't know the facts or if you didn't follow the plan that they advised was legal.  And we don't care that you followed the lawyers' advice if the lawyers were misinformed or uninformed when they gave it to you.  In general, all four elements have to be present before any one of them becomes relevant.

And for a jury trial, this is especially important because of the risk of confusion and unfair prejudice stemming from the presentation of what we might call an "imperfect" advice of counsel showing, i.e., one in which some but not all of the four elements are asserted.  If a securities fraud defendant goes on and on about how he disclosed everything to the lawyers, a jury might assume by implication that the lawyers greenlighted the plan.  Or, if a defendant testifies at length about how attorneys advised him on everything he did, a jury might assume the attorneys were fully informed.  If a defendant wants to make the full-throated advice of counsel showing before a jury

1   and says he will argue that all four elements satisfied – great, and he gets to do that at trial.  But

2   we have to be concerned if a defendant suggests he's just going to argue that *lawyers were*

3   *involved*, and he's not planning to tell the jury that all four elements are satisfied.  In that situation,

4   we have a Rule 401 problem that the references to attorneys may be irrelevant, and more

5   importantly, we have a Rule 403 problem that the references to attorneys may confuse the jury and

6   unfairly prejudice the plaintiff.

7         That seems to be what's happening in this lawsuit.  As noted above, Defendants pleaded

8   advice of counsel in the answers they filed four years ago.  But the only reference to that defense

9   in the Joint Pretrial Conference Statement is one cryptic sentence (ECF No. 306 at 11), and

10  Defendants did not propose a jury instruction concerning an advice of counsel defense.  ECF No.

11  316.  Concerned by what Defendants may be planning, Plaintiffs have moved in limine for the

12  Court to impose certain guard rails at trial to prevent juror confusion and unfair prejudice from the

13  presentation of evidence that may imply an advice of counsel showing without actually making

14  one.  ECF No. 331.

15        In their opposition, Defendants appear to confirm Plaintiffs have correctly ascertained their

16  plan.  Defendants argue that "[t]he cases cited by Plaintiffs do not support their assertion that, as a

17  matter of law, a trier of fact can only consider legal advice if all the elements of a formal advice of

18  counsel defense are presented."  ECF No. 336 at 8.  They argue that "Defendants should not be

19  restricted from offering legal advice evidence *in any manner*," *id*. at 1 (emphasis added), and that

20  "evidence of legal advice is admissible, without limitation, for the trier of fact to evaluate whether

21  a defendant acted with scienter."  *Id*. at 7 (emphasis omitted).  The same filing confirms

22  Defendants are not formally asserting an advice of counsel affirmative defense at trial.  *Id*.

23  ("Defendants need not assert a formal affirmative defense to introduce such evidence."); *id*. at 2

24  n.2 ("there is also no legal support for Plaintiff's position that the jury should be given an

25  affirmative advice of counsel defense instruction.").

26        In short, Defendants are taking the position that while a formal advice of counsel defense

27  has particular elements that must be satisfied, if they are introducing advice of counsel evidence

28  for the purpose of negating scienter, anything goes.  But for the reasons explained above, unless

United States District Court
Northern District of California

3

all four elements of an advice of counsel showing are satisfied, generally speaking, any one element suffers from the basic problem of being irrelevant.  It's irrelevant that your lawyer gave you advice if you did not disclose all the facts to your lawyer.  The advice is irrelevant in the most basic sense – it makes the existence of scienter neither more nor less likely.  And it's irrelevant that your lawyers gave you lots of advice about many things if you didn't ask them for advice about the thing you're being sued over.  In general, attorney advice is relevant to scienter only if the defendant made a complete disclosure to counsel, requested counsel's advice as to the legality of the contemplated action, received advice that it was legal, and relied on the advice.  Otherwise, it is usually a distraction.  *See S.E.C. v. Fitzgerald*, 135 F. Supp. 2d 992, 1023-24 (N.D. Cal. 2001) ("The defendants have failed to establish that they relied in good faith on their counsel in preparing the Official Statement.  To establish good faith reliance on the advice of counsel, the defendants must show that they:  (1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice." (citations and quotation marks omitted); *United States v. McLennan*, 563 F.2d 943, 946 (9th Cir. 1977) ("Advice of counsel is no defense unless the defendant gave his attorney all of the facts, and unless counsel specifically advised the course of conduct taken by the defendant.").

Defendants are not helped by cases in which a court admitted advice of counsel evidence because the defendant did, indeed, intend to present a true advice of counsel defense.  *See, e.g., In re Broadcom Corp. Secs. Litig.*, 2005 WL 1403516, *1-3 (C.D. Cal. Feb. 10, 2005) ("The Court finds the proposed testimony does amount to a defense of reliance on the advice of counsel," held the attorney-client privilege waived, and denied the motion in limine to exclude the advice evidence).  If Defendants in this case make a good faith proffer that they can satisfy the elements of an advice of counsel showing, this Court will also allow them to attempt that showing in front of the jury.

Neither are Defendants helped by trials in which an advice of counsel defense was unsuccessful.  *See S.E.C. v. Goldfield Deep Mines Co. of Nevada*, 758 F.2d 459, 467 (9th Cir. 1985) (district court considered whether defendants had shown good faith reliance of advice of

United States District Court
Northern District of California

counsel in the context of a permanent injunction, concluded they had not, and court of appeals affirmed); *McLennan*, 563 F.2d at 946 (advice of counsel defense failed at trial); *Fitzgerald*, 135 F. Supp. 2d at (same); *Yuen*, 2006 WL 1390828, *40 (same).  There is a difference between attempting something and failing and not attempting it in the first place.  The problem here is that in advance of trial Defendants say they want to introduce a lot of evidence concerning attorney advice, but they have no plan to satisfy the requirements of an advice of counsel showing.  The decision for the Court is whether to allow that evidence to be admitted unfettered, knowing that Defendants are not even trying to get to the goal posts.

The court confronted a similar problem in *S.E.C. v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013).  In that case the defendant conceded he would not be able to meet the four factor test for an advice of counsel defense.  *Id*. at 682.  The SEC accordingly moved in limine to exclude certain categories of evidence relating to attorney involvement.  *Id*. at 683.  The court reasoned that "[i]t would be confusing and unduly prejudicial for Tourre to present extensive evidence on the presence and involvement of lawyers – who are presumably paid to ensure that any disclosures comply with the relevant legal requirements – while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures.  Much of that testimony would also be irrelevant, given Tourre's intention not to present a reliance on counsel defense."  *Id*. at 684.

The Court accordingly struck a balance.  It precluded the defendant from offering evidence relevant to show that lawyers attended meetings or set up meetings.  It also precluded him from "placing undue focus" on the fact of a lawyer's presence or that counsel reviewed disclosures.  The court allowed evidence showing that the defendant was not the person primarily responsible for the transaction at issue.  But in the course of allowing that evidence, the court limited the defendant's ability to "focus" on the participation of lawyers.  "Tourre will not be precluded altogether from saying the words 'counsel,' 'lawyer,' or 'attorney,' regardless of the context of the evidence or testimony, but nor will he be permitted to zero in on the presence or involvement of lawyers for the sake of highlighting their presence or involvement."  *Id*. at 684-85.

Defendants cite *S.E.C. v. Ferrone*, 163 F. Supp. 3d 549 (N.D. Ill. 2016), but that decision

1    does not stand for the proposition that evidence of attorney advice should be admitted in the free-

2    for-all Defendants advocate for.  In that case the SEC moved in limine to exclude evidence of

3    advice of counsel, contending the defendant could not satisfy the elements of the defense.  The

4    defendant argued he was not asserting the defense at all, but contended that evidence of attorney

5    involvement could be relevant to scienter.  The SEC responded that this was just a back door way

6    of asserting an advice of counsel defense.  *Id*. at 568.  The court stated that "the SEC's motion

7    does not fully account for the issue of good faith and the ways in which it might be raised

8    legitimately by Ferrone to contest the scienter element of the SEC's case."  *Id*. at 570.  But the

9    court also noted that it was not clear what evidence the defendant planned to introduce and how

10   far it went toward establishing a classic reliance on advice of counsel.  *Id*.  The court explained

11   that "Ferrone needs to articulate more clearly what evidence he wants to introduce in support of

12   his asserted good faith and how it differs from the evidence concerning the reliance on advice of

13   counsel defense that he says he is not raising."  *Id*.  The court accordingly denied the SEC's

14   motion without prejudice.  It explained that "the more prudent path is to . . . work with counsel

15   both at the pretrial conference and at trial to zero in on what evidence will be admitted (and what

16   will not be admitted) on the question of Ferrone's good faith."  *Id*.

17       *Ferrone* seems to leave open the possibility that a defendant who cannot "satisfy the

18   elements of a classic reliance on advice of counsel defense," *id*. at 568, could nonetheless

19   potentially offer at least some advice of counsel evidence to negate scienter.  The decision does

20   not suggest what this evidence might be.  This Court has followed suit, explaining above that

21   "generally speaking" and "in general," advice of counsel evidence is not relevant unless all the

22   elements of an advice of counsel showing are satisfied.  But this Court has not adopted a per se

23   rule.

24       Here, Plaintiffs have moved in limine for guard rails to prevent Defendants from implying

25   an advice of counsel showing they are apparently unable to make, and in response Defendants

26   argue they should be able to introduce legal advice evidence "in any manner," ECF No. 336 at 1,

27   and "without limitation," *id*. at 7, which case law (including *Ferrone*) does not condone.

28   Importantly, Defendants have not identified any single piece of advice evidence and presented

United States District Court
Northern District of California

argument about why it is relevant notwithstanding Defendants' apparent inability to make a complete advice of counsel showing.  Accordingly, the Court grants Plaintiffs' motion in limine because, generally speaking, Plaintiffs' argument is correct, and Defendants are wrong that they can introduce advice evidence at trial with no limitations.  Because this is an in limine ruling, however, it is subject to modification at trial, for example, if Defendants proffer that they can make a complete advice of counsel showing, or if there is some particular advice evidence that is relevant and not confusing or unfairly prejudicial notwithstanding the inability to make a true advice of counsel showing.  As of yet, Defendants have not made or attempted to make those proffers.[1]

   Having concluded that Plaintiffs' motion should be granted, the next question is what relief should be ordered.  As Plaintiffs acknowledge, prohibiting any reference to the presence of lawyers would be infeasible on the facts of this case.  Plaintiffs request three remedies, and the Court believes the first two are appropriate.

First, the Court will give a limiting instruction prior to opening statements, to lessen the chance of prejudice flowing from references to lawyers contained in counsel's statements or the evidence highlighted in those statements.

Second, Defendants are limited during opening statements and in closing arguments in how they reference the involvement of lawyers.  In opening and closing argument, defense counsel can state briefly and factually that lawyers were involved in the process, but cannot argue or suggest that (a) the lawyers communicated to the Defendants, directly or indirectly, that their conduct was appropriate, or (b) the Defendants relied upon anything the lawyers said or did (or did not say or do).  Nor can Defendants disparage, criticize, or otherwise blame their lawyers for their advice or failure to provide advice.  These limitations can be removed, with leave of Court, if defense counsel make a good faith proffer that they will present evidence to satisfy the

---

[1] At the hearing Defendants stated they intend to make a proffer that they can make a complete advice of counsel showing that satisfies all the required elements.  The Court invited Defendants to make this proffer in a motion in limine to admit advice of counsel evidence.  The Court also observed that if Defendants' forthcoming motion is granted, there will need to be a jury instruction concerning advice of counsel.

requirements of an advice of counsel showing.  If the line is crossed, and Defendants do not present evidence sufficient to make this showing, the Court will give a curative instruction.  The same limitations apply during trial.[2]

Accordingly, the Court grants Plaintiffs' motion as stated above.  The Court also orders the parties to meet and confer concerning the content of the proposed instructions in the above remedies, and to file a joint statement within 21 days with each side's proposals and argument thereon.

**IT IS SO ORDERED.**

Dated: June 23, 2022

THOMAS S. HIXSON
United States Magistrate Judge

_____
[2] Because the second remedy applies throughout trial, Plaintiffs' third proposed remedy appears to be redundant.

8